HENRY A. HAINES et al. v. SMITH AND PINCHBACK.

(Filed 2 December, 1908).

**Burden of Proof—Instructions—Charge Construed as a Whole— Burden of Proof.**

There is no reversible error in the charge of the Court to the jury imposing the burden of the issue upon defendant, in an action to recover upon a note secured by a mortgage, when the charge, construed as a whole, clearly places the burden upon the plaintiff, the proper party.

ACTION tried before *Justice, J.,* and a jury, January Special Term, 1908, of GASTON.

The action was to recover the amount of a note for $3,000, secured by a mortgage on property, executed by defendant Pinchback, endorsed by him to his co-defendant Smith, and by him assigned by endorsement to plaintiffs. On issues submitted, there was verdict for plaintiffs, and defendants excepted and appealed.

*O. F. Mason* and *Clarkson & Duls* for plaintiff.
*A. G. Mangum* and *Tillett & Guthrie* for defendant.

PER CURIAM. The objection to the validity of this trial, chiefly insisted on by defendants, was for alleged error in a portion of his Honor's charge in reference to the burden of proof. The execution of the note and mortgage and transfer by endorsement to plaintiffs, were admitted on the trial, and the evidence tended to show that these instruments were executed and assigned to plaintiffs to secure them for certain

advancements made, and to be made, by plaintiffs, and the plaintiffs' evidence tended to show, that, under this contract, they had made advancements to defendants, and that more than $8,000 of such money was unpaid and still due from defendants. Defendants, in their answer, denied any and all indebtedness by reason of these advancements, and claimed, further, that any and all advancements made by plaintiffs to defendants had been fully paid.

In connection with this denial of indebtedness, the answer contained further statement indicating that the note and mortgage had been assigned to secure advancements to the amount of $8,533, alleged by plaintiffs to have been already made, and on condition that additional advancements should be made by plaintiffs; but these allegations do not lead to any definite averment, and, as we interpret the answer, it amounted to a denial of any indebtedness and a claim of payment, and we do not discover in the record any objection to the issues submitted; one being on the indebtedness by note and mortgage, and the second as to the amount of same. The Court charged the jury, on these issues, and the portion of the charge objected to was that wherein his Honor told the jury that plaintiffs, having produced the note and mortgage in question, and the execution and assignment by endorsement to plaintiffs having been admitted, this would make a *prima facie* case, and thereupon the burden would shift to defendants to establish, by the greater weight of the evidence, that the contention made by defendants, in order to discharge themselves from liability in the note, was true. The position being, that as the evidence showed that the note was given as collateral, its production and proof of execution did not make out plaintiffs' case of itself, but it was still incumbent on plaintiffs to establish the indebtedness and the amount thereof by evidence *ultra.*

The position is no doubt correct, but we do not think it is available to defendants on this record. We have held, in several recent decisions:

"The charge to a jury must be considered as a whole in the same connected way in which it was given, and upon the presumption that the jury did not overlook any portion of it. If, when so construed, it presents the law fairly and correctly, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous."

And a correct application of this wholesome principle will show that the charge is free from reversible error. The Court at the outset had placed the burden of this issue of indebtedness on the plaintiffs, and, in the closing paragraph of the charge, had told the jury: "If upon all the testimony, taking into consideration the defense set up by defendants, or if upon all the testimony given, you are satisfied, by the greater weight of the evidence, that the defendants are indebted to the plaintiffs you will answer the first issue 'Yes.'" Taking the charge as a whole, we think the burden of the issue, to establish the debt secured by the mortgage, was clearly placed on the plaintiffs, and, in the portion of the charge objected to, the Court, in placing upon the defendants the burden of establishing their "contention" could only have referred to defendants' position as to payment, and the charge was no doubt so understood by the jury.

Every position available to defendants on the evidence was fairly presented to the jury in the principle charge of the Court, and in response to defendants' prayers for instruction, which were given to the jury without substantial alteration.

We find no error in the record, and the judgment is affirmed.

No error.